JS-6

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.B., a minor, by and through his Guardian Ad Litem, Alexis Baquerizo,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Garden Grove Unified School District,<br><br>　　　　　　Defendant. | SA CV 08-1047 RSWL (CWx)<br><br>**ORDER Re:** Motion for Attorney's Fees and Costs [50], Motion for Attorney's Fees and Costs [81], Motion to Lift Stay [89], and Motion for Attorney's Fees and Costs for the Underlying Administrative Hearing, for the District Court Matter, for the Ninth Circuit Appeal, and for Fees and Costs for Opposition to Defendant's Petition to the Supreme Court and for Enforcement [105] |

　　On January 10, 2012, Plaintiff CB's ("Plaintiff") Motion for Attorney's Fees and Costs [50], Motion for Attorney's Fees and Costs [81], Motion to Lift Stay [89], and Motion for Attorney's Fees and Costs for the Underlying Administrative Hearing, for the District Court Matter, for the Ninth Circuit Appeal, and for

1

1  Fees and Costs for Opposition to Defendant's Petition
2  to the Supreme Court and for Enforcement [105] came on
3  for regular calendar before the Court.  The Court,
4  having reviewed all papers submitted pertaining to this
5  Motion and having considered all arguments presented to
6  the Court, **NOW FINDS AND RULES AS FOLLOWS**:
7       The Court hereby **DENIES as moot** Plaintiff's Motions
8  for Attorney's Fees and Costs filed on October 19,
9  2009, [50] and April 21, 2011, [81] as the Court's
10 present ruling addresses all relevant issues therein.
11 Plaintiff's Motion to Lift Stay [89], filed on May 25,
12 2011, is also **DENIED as moot** as the Court ordered the
13 stay lifted on November 17, 2011.  Plaintiff's Motion
14 for Attorney's Fees and Costs for the Underlying
15 Administrative Hearing, for the District Court Matter,
16 for the Ninth Circuit Appeal, and for Fees and Costs
17 for Opposition to Defendant's Petition to the Supreme
18 Court and for Enforcement [105] is **DENIED in part** and
19 **GRANTED in part**.
20 **I.   BACKGROUND**
21      Plaintiff is a minor who is eligible for special
22 education as a handicapped student under California law
23 and the Individuals with Disabilities Education Act
24 ("IDEA").  Plaintiff has been enrolled in the Garden
25 Grove Unified School District at all times relevant to
26 this suit.  Plaintiff's guardian, Alexis Baquerizo,
27 ("Guardian") did not accept the placement offered to
28 Plaintiff by Defendant Garden Grove Unified School

District ("Defendant"), and therefore, Guardian placed Plaintiff in the Reading and Language Center ("RLC") and sought reimbursement for the associated costs. On August 20, 2007, Plaintiff, through Guardian, filed an administrative request for due process seeking reimbursement for Plaintiff's education costs at RLC. A due process hearing occurred before Administrative Law Judge Richard M. Clark on May 5-8, 2008 ("Due Process Hearing"). Judge Clark awarded a portion of Plaintiff's education expenses and denied the remaining amount.

### A.  Case Number 08-05047

On July 31, 2008, Plaintiff filed a complaint for attorney's fees relating to the Due Process Hearing. The Parties eventually signed a settlement agreement ("Agreement"), which agreed to settle all disputes and claims related to Case Number 08-05047, including claims for attorney's fees.

### B.  Case Number 08-01041

On September 17, 2008, Defendant filed an appeal for partial reversal of the Due Process Hearing decision. The Court dismissed the action with prejudice as the Court found that the Parties had settled all relevant issues in the Agreement.

### C.  Case Number 08-01047

On September 22, 2008, Plaintiff filed the present Action for partial reversal of the Due Process Hearing decision [1]. The Court conducted a bench trial and

entered Judgment on October 5, 2009, and found that Plaintiff should be reimbursed for the full cost of attending RLC.  On September 30, 2009, Defendant appealed the Court's finding to the Ninth Circuit Court of Appeals.  On March 28, 2011, the Ninth Circuit issued its decision affirming this Court's ruling. Defendant filed a petition for rehearing, and on May 18, 2011, the Ninth Circuit issued a mandate denying rehearing and affirming this Court's award of full reimbursement to Plaintiff.  Subsequently, Defendant filed a petition for writ of certiorari with the U.S. Supreme Court.  This was denied on October 31, 2011, and therefore, Plaintiff filed the present Motion for Attorney's Fees [105] requesting attorney's fees for all stages of the litigation.

**II.  LEGAL STANDARD**

The IDEA permits recovery of reasonable attorneys' fees and costs to a "prevailing party" in an action under the statute.  20 U.S.C. § 1415(i)(3)(B)(i) reads:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs-
> (I) to a prevailing party who is the parent of a child with a disability;
> (II) to a prevailing party who is a State educational agency...

4

(III) to a prevailing State educational agency or local education agency...

To be considered a "prevailing party" under a fee shifting provision, such as in the IDEA, the party "must meet two criteria: he must achieve a material alteration of the legal relationship of the parties, and that alteration must be judicially sanctioned." Jankey v. Poop Deck, 537 F.3d 1122, 1129-30 (9th Cir. 2008).

Reasonable fees include those incurred as part of a party's successful appeal. Barlow-Gresham U. High Sch. D. 2 v. Mitchell, 940 F.2d 1280, 1286 (9th Cir. 1991). The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and submitting evidence in support of those hours worked. Hensely v. Eckerhart, 461 U.S. 424, 433 (1983). As such, the party opposing the fee application has the burden of rebutting the accuracy and reasonableness of any hours charged. Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

A motion for attorney's fees must be filed no later than fourteen days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). Local Rule 54-12 states that any motion or application for attorneys's fees shall be served and filed within fourteen days after the entry of judgment or other final order, unless otherwise ordered by the Court.

If a plaintiff is entitled to an award of attorney's fees, then the district court should be guided by the considerations identified in Hensley v. Eckerhart. In Hensley, the Court approved the lodestar method for calculating fees in civil rights litigation: multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate. See 461 U.S. at 433.

In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours "that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. "The party seeking the award should provide documentary evidence to the court concerning the number of hours spent[.]" McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2009).

In determining the appropriate hourly rate to be included in a lodestar calculation, the district court must look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987). "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonable comparable

skill and reputation." <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1262-63 (9th Cir. 1987) (citing <u>Blum v. Stenson</u>, 465 U.S. 886 (1984)).

**III. ANALYSIS**

    **A.**   **<u>Due Process Hearing</u>**

Defendant argues that Plaintiff is not entitled to additional attorney's fees for the Due Process Hearing, beyond what was agreed to in the Agreement, because the Agreement settled all claims for attorney's fees associated with the Due Process Hearing. The Agreement obligated the Defendant to pay Plaintiff $55,000, which represented the Due Process Hearing-ordered payment of $24,269.11 and a payment of some of Plaintiff's attorney's fees associated with the Due Process Hearing. By submitting a copy of the Agreement, Defendant has met its burden to prove that the Parties intended to fully settle all claims, including attorney's fees, arising out of Case Number 08-05047. The Agreement explicitly states, "[t]he purpose of this Agreement is to settle and compromise all disputes and controversies existing between the parties related to CV 08-05047 . . . including . . . any and all claims for damages and attorney's fees and costs in this matter." Harbottle Decl., Ex. F. Accordingly, the Court hereby **DENIES** Plaintiff's request for attorney's fees incurred during the Due Process Hearing.

    **B.**   **<u>District Court Matter</u>**

The Court finds that an award of attorney's fees

7

relating to the District Court matter is appropriate here as all of Plaintiff's motions for attorney's fees were timely filed and Plaintiff is the prevailing party pursuant to the IDEA. Plaintiff is the prevailing party, as his appeal to this Court for partial reversal of the Due Process Decision was granted and this Court awarded full reimbursement for Plaintiff's education costs.

Additionally, Plaintiff has met his burden of documenting the time his attorney spent on the District Court matter and proving the attorney's hourly rate of $400 for federal district court matters is reasonable. Plaintiff submitted declarations by attorneys with comparable skill and experience, who charge similar hourly rates. Like Plaintiff's counsel, these attorneys are admitted to practice law before this Court and specialize in special education law. These declarations affirmed the prevailing hourly rate in the Los Angeles community was $350 to $525 for special education cases heard at the District Court at the time of filing. Plaintiff's counsel has been representing special education students in due process hearings since 1996 and at the time she was working on the Action, her rate was $400 per hour for federal district court matters. Therefore, by providing declarations of attorneys with similar experience and hourly rates, Plaintiff has sufficiently met his burden of producing satisfactory evidence that the requested rate of $400

is in line with those prevailing in the community for similar services.

Plaintiff, however, has requested that his counsel's current rate of $475 be awarded for services performed on the District Court matter during 2009. The Court finds that Plaintiff has not provided any reason to justify a retroactive increase in fees and thus awards fees at the hourly rate charged at the time the services were performed.

Furthermore, the Court finds that, with a minor exception, Plaintiff properly submitted documentary evidence detailing the number of hours spent on the District Court matter.  Although there were three federal matters taking place, Plaintiff's counsel provided a detailed billing statement specifically for Case Number 08-1047 in the Amended Notice of Motion in October, 2009, Ex. 5.  The only exception to this was the settlement-related work billed for; Plaintiff's counsel billed 4.25 hours for settlement-related work without specifying which case number it was related to. Therefore, the 4.25 hours should be reduced by two-thirds (2.83) in order to compensate for the possibility that it was related to all three cases. Accordingly, Plaintiff should only be reimbursed for 1.42 hours of the 4.25 total.  Otherwise, Plaintiff's counsel met her burden by providing the dates she worked on the District Court matter, described the work she did, and tallied the number of hours she spent.  In

1 total, Plaintiff calculated the total time spent on the
2 matter to be 61.30 hours.
3     Defendant has argued that Plaintiff cannot be
4 reimbursed for work done prior to filing the Complaint
5 and cites a case that allegedly supports the assertion.
6 However, the Court finds that attorney's fees can be
7 collected once an administrative hearing is requested;
8 plaintiffs do not need to wait until a federal court
9 complaint is filed. <u>Kletzelman v. Capistrano Unified</u>
10 <u>Sch. Dist.</u>, 91 F.3d 68, 70 (9th Cir. 1996). Here, the
11 fees that Defendant challenges were incurred in August
12 2008, well after Plaintiff instigated administrative
13 proceedings on August 20, 2007; thus, Plaintiff is
14 entitled to be reimbursed for these fees.
15     Therefore, using the lodestar method of multiplying
16 the number of hours reasonably expended on the
17 litigation (58.47) by the reasonable hourly rate
18 ($400), the Court finds that Plaintiff is entitled to
19 $23,388.00 for attorney's fees in the District Court
20 matter, plus costs of $735 for filing fees and attorney
21 service. Accordingly, the Court hereby **GRANTS**
22 Plaintiff's Motion for Attorney's Fees as to the
23 District Court matter in the amount of $23,388.00 in
24 fees and $735 in costs.
25     As to Plaintiff's request for interest on
26 Guardian's unpaid expenses, Plaintiff has submitted
27 insufficient support for the request. Plaintiff's
28 counsel has merely stated in her Declaration that

Plaintiff is owed approximately $22,000 for reimbursement of RLC education costs and interest on that amount totals $8,747.43, but Plaintiff has not specified what interest rate was used for the calculation or the time period during which it accrued. Accordingly, the Court hereby **DENIES** the request for interest.

### C. Ninth Circuit Matter

The Court finds that an award of reasonable attorney's fees relating to the Ninth Circuit matter is appropriate because Plaintiff is the prevailing party and complied with all procedural requirements. Plaintiff's Motion was timely as it was filed "no later than 14 days after" the Ninth Circuit issued its mandate ruling on Defendant's petition for rehearing. Ninth Circuit R. 39-1.6(a). Plaintiff also complied with the Ninth Circuit Rule requiring submission of Form 9, or substantially similar information, by providing detailed billing records. Ninth Circuit R. 39-1.6(b).

Moreover, the Court finds that Plaintiff has met his burden of proving that both the time his attorney spent on the Ninth Circuit matter and the attorney's hourly rate of $525 for federal appellate matters is reasonable. To prove the reasonableness of the hourly rate of $525, Plaintiff submitted a declaration by a similarly skilled attorney asserting that a reasonable rate for Ninth Circuit matters is $525 per hour.

As to the number of hours billed, Plaintiff's counsel submitted a billing statement for her work done at the Ninth Circuit level [81], describing the work done on the matter, the dates, and the time allotted to each task. In this statement, Plaintiff's counsel calculates that the time she spent on the Ninth Circuit matter was 32.95 hours. When awarding attorney's fees, the Court should defer to Plaintiff's counsel's professional judgment and allow reimbursement of the total amount of hours. <u>Moreno v. City of Sacramento</u>, 534 F.3d 1106, 1112 (9th Cir. 2008) ("by and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case . . . ."). Thus, by multiplying the time spent (32.95 hours) by the hourly rate ($525), Plaintiff is entitled to $17,298.75 for the work done at the Ninth Circuit. Accordingly, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees as to the Ninth Circuit matter in the amount of $17,298.75.

**D.  U.S. Supreme Court Petition**

The Court finds that Plaintiff is entitled to reasonable attorney's fees relating to his opposing Defendant's Petition for Writ of Certiorari to the U.S. Supreme Court as Plaintiff is the prevailing party and made a timely motion for attorney's fees. Plaintiff's primary counsel, Tania Whiteleather, sought the assistance of the Public Citizen Litigation Group ("PCLG") in drafting the opposition to Defendant's

12

1  Petition.  Michael Kirkpatrick is an attorney with PCLG
2  who took Plaintiff's case and agreed to work with
3  Whiteleather on opposing Defendant's Petition.
4  Kirkpatrick enlisted the assistance of Eric Fish, a
5  recent law school graduate who was not yet a licensed
6  attorney, in conducting additional research for
7  Plaintiff's case.  Plaintiff seeks an award of
8  attorney's fees at a rate of $525 for Ms. Whiteleather,
9  $640 for Mr. Kirkpatrick, and $240 for Mr. Fish.
10      As discussed above, the Court finds $525 per hour
11 to be a reasonable rate for federal appellate work,
12 based on the prevailing rate in the community and Ms.
13 Whiteleather's level of expertise.  Ms. Whiteleather
14 billed 8.95 hours for the Supreme Court matter, and
15 thus, Plaintiff is entitled to $4,698.75.
16      With respect to Mr. Kirkpatrick's rate, the Court
17 finds that Mr. Kirkpatrick's Declaration has
18 established his expertise in Supreme Court practice and
19 that his rate is within the market rate for similar
20 services.  In contrast, the Court finds that the rate
21 requested for Mr. Fish's services is well above the
22 reasonable rate for a non-licensed, law school
23 graduate.  Therefore, the Court will reduce the
24 requested rate by 50% when calculating the fee award.
25 As to the number of hours billed, the Court finds that
26 they do not appear excessive for defending a petition
27 for certiorari in the U.S. Supreme Court; thus, the
28 Court will defer to Plaintiff's counsel's professional

judgment and allow reimbursement of the total amount of hours. <u>Moreno</u>, 534 F.3d at 1112. Therefore, the Court awards reimbursement for 34.5 hours expended by Mr. Kirkpatrick at $640 and 14.5 hours expended by Mr. Fish at $120 for a total of $23,820.

Accordingly, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees as to the U.S. Supreme Court matter in the amount of $28,518.75.

### E. <u>Plaintiff's Request for Judicial Notice</u>

On December 14, 2009, Plaintiff submitted a Request for Judicial Notice, which the Court had not yet ruled on [69]. Plaintiff now renews his Request for Judicial Notice. The Request applies to Defendant's opposition to Plaintiff's motion for attorney's fees filed in Case Number 08-1041 [26].

The Court hereby **GRANTS** Plaintiff's Request for Judicial Notice. Defendant's opposition to Plaintiff's motion is a document that is "capable of accurate and ready determination" by a source "whose accuracy cannot reasonably be questioned," namely the District Court's filing system. Fed. R. Evid. 201(b).

**IV. CONCLUSION**

In sum, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion for Attorney's Fees. Specifically, the Court **DENIES** Plaintiff's request for attorney's fees incurred during the Due Process Hearing, as the Parties have filed a settlement agreement foreclosing further consideration of the issue. The Court **GRANTS**

Plaintiff's request for attorney's fees in the amount of $23,388.00 and $735 in costs for the district court matter; $17,298.75 in the Ninth Circuit matter; and $28,518.75 in the Supreme Court matter.  In total, this represents an award of $69,940.50 in attorney's fees and costs.  Finally, the Court **GRANTS** Plaintiff's Request for Judicial Notice.

**IT IS SO ORDERED.**

DATED: January 18, 2012

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge

15